Neal J. Stephens (State Bar No. 152071)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:  +1.650.739.3939
Facsimile:  +1.650.739.3900
nstephens@jonesday.com

Attorney for Defendant
ROBERT T. BROCKMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT T. BROCKMAN,<br><br>Defendant. | Case No.: 3:20-cr-00371-WHA<br><br>DEFENDANT ROBERT BROCKMAN'S NOTICE OF MOTION AND MOTION FOR CHANGE OF VENUE ON COUNTS TWO THROUGH EIGHT<br><br>Date: November 17, 2020<br>Time: 2:00 p.m.<br>Judge: Hon. William Alsup |

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on November 17, 2020, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable William Alsup, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Robert Brockman will, and hereby does, respectfully move pursuant to 18 U.S.C. § 3237(b) and Fed. R. Crim. P. 7(c)(1) and (f) to transfer venue for Counts Two through Eight of the Indictment to the United States District Court for the Southern District of Texas, or in the alternative for a bill of particulars relating to the venue motion.

This motion is based on the attached memorandum of points and authorities.

Dated: November 2, 2020

Respectfully submitted,

JONES DAY

*s/ Neal J. Stephens*
NEAL J. STEPHENS

Counsel for Defendant ROBERT T. BROCKMAN

## MOTION FOR CHANGE OF VENUE

Pursuant to 18 U.S.C. § 3237(b) and Fed. R. Crim. P. 7(c)(1) and (f), Robert Brockman respectfully moves this Court to transfer venue for Counts Two through Eight of the Indictment, charging tax evasion in violation of 26 U.S.C. § 7201, to the United States District Court for the Southern District of Texas, or in the alternative, for a bill of particulars necessary to fully litigate this motion.  The Indictment fails to state the basis for venue in this District for Counts Two through Eight, and instead merely repeats conclusory allegations.  Because § 3237(b) requires that this motion be "filed within twenty days after arraignment of the defendant upon indictment or information," Mr. Brockman files this Motion to preserve his statutory right for change of venue.[1]  For the reasons stated below, the Motion should be granted on the face of the Indictment, or in the alternative, this Court should order that the government file a bill of particulars alleging the basis for venue in this District for Counts Two through Eight, so as to allow full argument under 18 U.S.C. § 3237(b).  Defense counsel met and conferred with government counsel, who opposes the relief sought in this motion.

### I.  INTRODUCTION

On October 1, 2020, the Indictment in this case was filed under seal in the United States District Court for the Northern District of California.  Among other charges, the Indictment alleges that Mr. Brockman committed tax evasion in violation of 26 U.S.C. § 7201.  Counts Two through Eight of the Indictment allege that Mr. Brockman committed tax evasion by "preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent United States Individual Income Tax Return, Form 1040" for 2012 through 2018.  The Indictment alleges that these tax returns were then submitted to the IRS, but is silent as to where they were filed and received by the IRS.  Ind. ¶¶ 136–48 (ECF No. 1).  Mr. Brockman's initial appearance and arraignment were held before Judge Nathanael Cousins on October 15, 2020, and he entered a plea of not guilty to all charges.  (ECF No. 9.)

---

[1] By moving to transfer venue pursuant to 18 U.S.C. § 3237(b) at this time to meet the statutory deadline, Mr. Brockman does not waive any other arguments regarding venue, a further bill of particulars, or other motions that Mr. Brockman intends to make on a schedule to be set by the Court.  To the contrary, among other motions, the defense anticipates filing a prompt motion pursuant to Rules 12, 18, 21(a) and (b) for transfer of the entire case to the Southern District of Texas for several reasons, including Mr. Brockman's serious health issues.

Defendant Robert Brockman's Motion
for Change of Venue

Mr. Brockman has been a resident of Houston for over forty years, including during the time of the alleged offenses described in Counts Two through Eight of the Indictment. See Ind. ¶ 1.[2] Mr. Brockman has never resided in this District. Under 18 U.S.C. § 3237(b), Mr. Brockman is entitled to transfer Counts Two through Eight to the Southern District of Texas.

## II.   ARGUMENT

The Constitution requires that venue for a criminal trial shall be in the state and district where the offense was committed. U.S. Const. Art. III, § 2, cl. 3; U.S. Const. Amend. VI; *see also* Fed. R. Crim. P. 18. "The burden of establishing proper venue by a preponderance of the evidence rests with the government." *United States v. Chi Tong Kuok*, 671 F.3d 931, 937 (9th Cir. 2012) (citation omitted).

When an offense against the United States is "begun in one district and completed in another, or committed in more than one district," the government has discretion to prosecute the offense "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). However, alleged violations of 26 U.S.C. § 7201, such as those set out in Counts Two through Eight, are excepted from this discretionary choice of venue for alleged continuing offenses. Section 3237(b) provides:

> Notwithstanding subsection (a), where venue for prosecution of an offense described in section 7201 [of the Internal Revenue Code]. . . is based solely on a mailing to the Internal Revenue Service, and prosecution is begun in a judicial district other than the judicial district in which the defendant resides, he may upon motion filed in the district in which the prosecution is begun, elect to be tried in ***the district in which he was residing at the time the alleged offense was committed***[.]

18 U.S.C. § 3237(b) (emphasis added).

The purpose of Section 3237(b) is to prevent the IRS from compelling a taxpayer to face charges far from his home district. *See, e.g., United States v. U.S. Dist. Court for S. Dist. of California*, 693 F.2d 68, 69 (9th Cir. 1982) (explaining that the purpose of § 3237(b) is "to prevent government abuse of such situations, where the prosecution was brought in a district far

---

[2] The Indictment also alleges that Mr. Brockman is a resident of Pitkin County, Colorado, which is immaterial to this Motion. *See* Ind. ¶ 1.

from the taxpayer's home simply because of the location of the IRS office."); *see also United States v. Melvan*, 676 F. Supp. 997, 999 (C.D. Cal. 1987).  In addition, it is also the policy of the Department of Justice "generally to attempt to establish venue for a criminal tax prosecution in the judicial district of the taxpayer's residence or principal place of business[.]"  U.S. Dep't of Justice, Criminal Tax Manual § 6.01[2] (2012).

Section 3237(b) prescribes a statutory deadline for a defendant to move to transfer venue on this ground, providing that such a motion "must be filed within twenty days after arraignment of the defendant upon indictment or information."  *Id.*  By its plain terms, § 3237(b) "provides defendants with an absolute right to transfer tax offenses to their home district."  *United States v. Nathanson*, 813 F. Supp. 1433, 1436 (E.D. Cal. 1993); *see also United States v. Ostrer*, 458 F. Supp. 540, 541 (S.D.N.Y. 1978) (explaining that § 3237(b) has "been interpreted to give defendants charged with the enumerated offenses an absolute right to have the charges tried in the district of their residence").  Counts Two through Eight allege that Mr. Brockman committed tax evasion in violation of 26 U.S.C. § 7201, an offense specifically enumerated in § 3237(b) and thus eligible for transfer.  *See* Ind. ¶¶ 136–48.  The government elected to prosecute this case in the Northern District of California, but Mr. Brockman has lived in Houston since at least 1981, including during the time of the alleged offenses described in Counts Two through Eight.  *See United States v. Scott*, 472 F. Supp. 1073, 1077 (N.D. Ill. 1979), *aff'd*, 618 F.2d 109 (7th Cir. 1980) (determining residence for § 3237(b) motion based on factors such as defendant's present residence with wife and residence at the time of alleged offenses, among other factors).

In Counts Two through Eight, the Indictment repeats boilerplate allegations that Mr. Brockman is responsible for "preparing and causing to be prepared, and signing and causing to be signed," false and fraudulent tax returns that were submitted to the IRS.  In addition, the Indictment *does not* allege the basis for venue in this District.  Ind. ¶¶ 136–48.  The Indictment does not allege that Mr. Brockman mailed these returns in this District, or set out that he caused the returns to be filed in this District, or that the IRS received the returns in this District.[3]  On the

---

[3] "An allegation of the use of the mails in the indictment is not a condition to the invocation of § 3237(b)." *United States v. Youse*, 387 F. Supp. 132, 134 (E.D. Wis. 1975); *see also United States v. Turkish*, 458 F. Supp. 874, 878 n.5 (S.D.N.Y. 1978) (rejecting the government's argument that § 3237(b) motion be denied because "the

contrary, the Indictment fails to allege where any of these actions occurred. Such information is key to whether or not venue is proper in this District, and whether Mr. Brockman has a statutory right to invoke Section 3237(b).

Mr. Brockman brings this motion at this time to preserve his statutory right to transfer. Mr. Brockman's arraignment was held on October 15, 2020, and § 3237(b)'s statutory deadline for transfer is unqualified. *See United States v. Snipes*, 611 F.3d 855, 864 (11th Cir. 2010) ("Section 3237(b)'s twenty-day statutory deadline for an elective transfer is unambiguous and unqualified.").

### III.     CONCLUSION

For the foregoing reasons, Mr. Brockman respectfully requests that this Court (i) transfer Counts Two through Eight of the Indictment to the United States District Court for the Southern District of Texas, or (ii) in the alternative, order a bill of particulars as to the allegation of venue for Counts Two through Eight, and allow further argument of this motion on the basis of such particulars.

Dated: November 2, 2020                           Respectfully submitted,

                                                  JONES DAY


                                                  *s/ Neal J. Stephens*
                                                  NEAL J. STEPHENS

                                                  Counsel for Defendant ROBERT T. BROCKMAN

---

indictment does not allege any use of the mails and defendants have not submitted affidavits indicating that the mails were used to commit the crime with which they are charged").

- 6 -

Defendant Robert Brockman's Motion for Change of Venue

# CERTIFICATE OF SERVICE

I, Mari Reyes, declare:

I am a citizen of the United States and employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Silicon Valley Office, 1755 Embarcadero Road, Palo Alto, California 94303. On November 2, 2020, I served a copy of the Defendant Robert Brockman's Notice Of Motion and Motion for Change of Venue on Counts Two Through Eight by electronic transmission.

I am familiar with the USDC Northern District's Civil Local Rules 5-1 and 5-5. Under those rules, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

To the extent government counsel is not registered in the court's CM/ECF system, I further provided an electronic copy of this document on counsel, as listed below, via electronic mail:

| Attorney | Email Address |
| --- | --- |
| Michael G. Pitman | Michael.pitman@usdoj.gov |
| Corey J. Smith | Corey.smith@usdoj.gov |
| Lee F. Langston | Lee.f.langston@usdoj.gov |
| Christopher M. Magnani | Christopher.magnani@usdoj.gov |

Executed on November 2, 2020, at Palo Alto, California.

/s/ Mari Reyes
Mari Reyes

NAI-1514836240v4

Defendant Robert Brockman's Motion for Change of Venue
- 7 -