DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5040
Facsimile:  (408) 535-5081
michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
LEE F. LANGSTON (NYBN 4910311)
CHRISTOPHER M. MAGNANI (Maryland)
Trial Attorneys
United States Department of Justice, Tax Division

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: 3:20-cr-00371-WHA |
|---|---|
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE ON COUNTS TWO THROUGH EIGHT AND IN THE ALTERNATIVE, BILL OF PARTICULARS |
| v. | |
| ROBERT T. BROCKMAN, | |
| Defendant. | Date:  December 1, 2020<br>Time:  12:00 PM |

The United States opposes Defendant's Motion for Change of Venue on Counts Two through Eight and, alternatively, for a Bill of Particulars.  (ECF No. 21) (the "Motion").

<u>Venue</u>

Defendant moves to transfer the tax evasion counts to his home district under 18 U.S.C. § 3237(b).  This statute, however, is inapplicable to this Indictment.  Section 3237(b) only applies to tax

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR CHANGE OF VENUE ON COUNTS TWO
THROUGH EIGHT
Case No.: 3:20-CR-00371-WHA

1

evasion charges when venue "is based solely on a mailing to the Internal Revenue Service."  18 U.S.C. § 3237(b).  Venue in this case is not based on mailings to the IRS—it could not be, as Defendant's tax returns were not mailed to the Northern District of California.

The statute at issue, 18 U.S.C. § 3237(b), was passed in 1958 to prevent the government from charging defendants far from their homes "simply because of the location of the IRS office."[1,2] *United States v. U.S. Dist. Court for the S. Dist. Of California*, 693 F.2d 68, 69 (9th Cir. 1982).  The original language, however, was so broad that it required transfer even in circumstances that were not intended by Congress.  *See, e.g.*, *id.* at 69-70.[3]  The Ninth Circuit acknowledged as much, noting that "[i]f the result in this case is disturbing . . . application for the amendment of the statute must be made to Congress, not to this Court."  *Id.* at 70-71.  In 1984, Congress amended the statute to the language that exists today, clarifying that relief under Section 3237(b) in tax evasion prosecutions applies only when venue is based *solely* on mailings sent to the IRS.  *Melvan*, 676 F. Supp. at 1001.

Generally, venue is proper in any judicial district in which a criminal offense "was begun, continued, or [was] completed."  18 U.S.C. § 3237(a); *see also United States v. Ruelas-Arreguin*, 219 F.3d 1056, 1060 (9th Cir. 2000).  It is generally recognized that the crime of tax evasion is a "continuing offense" which can span many judicial districts.  *See United States v. Slutsky*, 487 F.2d 832, 839 (2d Cir. 1973); *United States v. Yagman*, 2007 WL 9724388, at *15-18 (C.D. Cal. May 3, 2007) (affirmative acts in CDCA provide venue for tax evasion scheme involving several Districts).  *See also United States v. Bridges*, 2003 WL 27386843, at *1-2 (W.D. Wa. Feb. 28 2003) (Section 3237(b) provides no basis to transfer of venue in national tax evasion scheme where venue not based on mailing of tax returns but upon financial transactions within WDWA conducted by defendants).

Venue need only be proved by a preponderance of the evidence.  *See United States v. Maldonado-Rivera*, 922 F.2d 934, 968 (2d Cir. 1990); *United States v. Jones,* 231 F.3d 508, 516 (9th

---

[1] The concern is hardly trivial.  Consider, for example, that a Rhode Island taxpayer wishing to mail a standard U.S. Individual Income Tax Return, Form 1040, must mail the return to Utah or Kentucky.  *See* https://www.irs.gov/filing/where-to-file-addresses-for-taxpayers-and-tax-professionals-filing-form-1040

[2] *In re United States (Clemente)*, 608 F.2d 76, 79-80 (2d Cir. 1979) describes the legislative history.

[3] *United States v. Melvan*, 676 F. Supp. 997, 999-1000 (C.D. Cal. 1987) recounts other examples.

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR CHANGE OF VENUE ON COUNTS TWO
THROUGH EIGHT
Case No.: 3:20-CR-00371-WHA

2

Cir. 2000). Direct proof of venue is not necessary where circumstantial evidence in the record, as a whole, supports the inference that the crime was committed in the district where venue was laid. *See Jones*, 231 F.3d at 516.

Defendant is charged in Counts 2 – 8 with tax evasion, in violation of 26 U.S.C. § 7201, for the tax years 2012 – 2018. The Indictment incorporates by reference paragraphs 1 through 134 of Count 1 into Counts 2 – 8, and specifically identifies and incorporates paragraphs 43 through 134 of Count 1 as *affirmative acts of evasion* in each of the Counts 2 – 8. Paragraphs 1 through 134 of Count 1 describe an elaborate scheme, implemented and controlled by Defendant, to invest capital with Vista Equity Funds, headquartered here in the Northern District of California, to conceal these investments under the nominee name of the Bermuda company Point Investments, and distribute gains earned from these investments to bank accounts in Switzerland; all without reporting any of these gains to the IRS, or paying any income tax on them.

The gravamen of these allegations is that the income earned from these investments was in reality, "owned and controlled" by Defendant, and taxable to him. The Indictment alleges that Defendant, either directly or through agents, assigns or employees, directed, or caused to be directed, this investment activity with Vista over an eighteen year period, and specifically directed that the gains from these investments be distributed to the Point bank accounts in Switzerland, which he unilaterally controlled.[4] This scheme, involving the investment of hundreds of millions of dollars under Defendant's control, was international in scope, and had significant ongoing contacts with the Northern District of California; arguably the most significant contacts were with this District. Vista, here in the Northern District of California, was the source of the unreported income which is the foundation of Counts 1 – 8 of the Indictment. From 2000 through 2018 Defendant had continued and frequent contact with this District as he, through his agents and employees, managed and controlled his investments with Vista. But for Defendant's direction to Vista regarding these investments, including the distribution and concealment of unreported income in this scheme, the alleged crime of tax evasion would not have been

---

[4] The government directs the Court to Count 1, paragraphs 39, 40, 71, 72, 74, 80, 91, 85-87, 97, 98, 100, 102, 104-106.

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR CHANGE OF VENUE ON COUNTS TWO
THROUGH EIGHT
Case No.: 3:20-CR-00371-WHA

3

completed.  The crime with which Defendant has been charged clearly "went through" this District.  The alleged affirmative acts contained in the Indictment, committed within the Northern District of California, satisfy statutory venue under Section 3237(a).

Accordingly, venue here is not *solely* based on mailings sent to the IRS, as the gating question to application of Section 3237(b).  Instead, venue is based on Defendant's investment activity with Vista, and his directions to Vista regarding the distribution of unreported income, which the Indictment alleges is taxable to Defendant.  The government expects that evidence of these contacts will include testimony, emails, and other correspondence.  Since Defendant did not mail any of his income tax returns to the Northern District of California, Section 3237(b) is inapplicable to this case and Defendant's Motion must be denied.

Motion for Bill of Particulars

Defendant alternatively seeks a Bill of Particulars, which the Motion claims is "necessary to fully litigate this motion."  Given the detail contained within the Indictment a Bill of Particulars is unnecessary.  The purpose of a Bill of Particulars is to provide Defendant with information regarding the specific charges against him necessary to the preparation of his defense, to avoid or minimize the danger of surprise at trial, and to protect against double jeopardy.  *See United States v. Ayers*, 924 F.2d 1468, 1483-84 (9th Cir. 1991).  The power to grant a Bill of Particulars is within the discretionary power of the court.  *See United States v. Hartlerode*, 467 F.2d 1280, 1282 (9th Cir. 1972).  When the language of the Indictment itself provides this information, a Bill of Particulars is not required.  *See United States v. Robertson*, 15 F.3d 862, 873-74 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 669 (1995).

Furthermore, a Bill of Particulars is not a tool for a defendant "to obtain a detailed disclosure of the government's evidence prior to trial."  *See United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *see also United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (finding that before trial a defendant "is not entitled to know all the evidence the government intends to produce but only the theory of the government's case.").  In other words, a Bill of Particulars is not to be used for generalized discovery.  *See United States v. Anderson*, 799 F.2d 1438 (11th Cir. 1986).  To allow a Bill of Particulars to serve as discovery would frustrate the purposes of Federal Rule of Criminal Procedure 16.  *Id.*

UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR CHANGE OF VENUE ON COUNTS TWO
THROUGH EIGHT
Case No.: 3:20-CR-00371-WHA

4

...

1 In seeking a Bill of Particulars, Defendant claims that "the Indictment repeats boilerplate allegations" that Defendant prepared and signed false tax returns.  The Motion, however, ignores paragraphs 1 through 134 of the Indictment which, as stated above, are incorporated by reference into Counts 2 – 8, and, which describe a complex scheme to control and conceal approximately $2 billion in capital gains income Defendant earned from his investments in Vista.  The detail contained within paragraphs 1 through 134 of the Indictment is more than sufficient to notify Defendant of the details of the allegations against him, and prepare his defense.  Moreover, discovery in this case will very voluminous, containing internal financial data from Vista and Defendant's nominee entities, including hundreds of emails, which will further illuminate the details of these charges.

The Motion should be denied in its entirety.

Respectfully submitted,

Date: November 9, 2020

DAVID L. ANDERSON
United States Attorney

*/s/Corey J. Smith*
Senior Litigation Counsel
MICHAEL G. PITMAN
Assistant United States Attorney

Attorneys for United States of America

UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE ON COUNTS TWO THROUGH EIGHT
Case No.: 3:20-CR-00371-WHA

5

CERTIFICATE OF SERVICE

It is hereby certified that service of the foregoing UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR CHANGE OF VENUE ON COUNTS TWO THROUGH EIGHT has been made this day through the Court's ECF system to Defendant's attorneys of record.

Date:   November 9, 2020

*s/ Corey J. Smith*
Senior Litigation Counsel
United States Department of Justice,
Tax Division
Corey.Smith@usdoj.gov
(202)514-5230

CERTIFICATE OF SERVICE
Case No.: 3:20-CR-00371-WHA