DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5040
Facsimile:  (408) 535-5081
michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
LEE F. LANGSTON (NYBN 4910311)
CHRISTOPHER M. MAGNANI (Maryland)
Trial Attorneys
United States Department of Justice, Tax Division

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT T. BROCKMAN,<br><br>Defendant. | Criminal No. 3:20-cr-00371-WHA<br><br>UNITED STATES' MOTION FOR PROTECTIVE ORDER AND AN ORDER AUTHORIZING DISCLOSURE OF TAXPAYER RETURN INFORMATION AND [PROPOSED] PROTECTIVE ORDER<br><br>Hearing.: 11/17/2020<br>Time: 2:00 PM<br>Place: Courtroom 12 |

The United States of America, by and through its counsel of record, pursuant to Fed R. Crim. P 16(d), hereby respectfully moves the Court for a Protective Order regarding discovery in this case, incorporating an Order permitting the government to disclose third party tax return information pursuant to 26 U.S.C. § 6103(h)(4)(D), in order for the government to comply with its obligations pursuant to 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its

UNITED STATES' MOTION FOR PROTECTIVE ORDER
AND AN ORDER AUTHORIZING DISCLOSURE OF
TAXPAYER RETURN INFORMATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 3:20-cr-00371-WHA

1

progeny. As grounds for this motion, the government states as follows:

1. On October 1, 2020, a federal grand jury in the Northern District of California returned an Indictment charging the Defendant with: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; tax evasion, in violation of 26 U.S.C. § 7201; FBAR reporting violations, in violation of 31 U.S.C. §§ 5314 and 5322; wire fraud, in violation of 18 U.S.C. § 1343; money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(ii), (a)(1)(B)(i), and (a)(2)(B)(i); evidence tampering, in violation of 18 U.S.C. § 1512(b)(2)(B); and destruction of evidence, in violation of 18 U.S.C. 1512(c)(1).

2. Having received a discovery request under Fed. R. Crim. P. 16, the United States will produce documents and other materials pertaining to Defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

    a. Personal Identifying Information of individuals (other than his or her name), including the person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

    b. Financial information of individuals or businesses, including bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information");

    c. Medical records or other patient information of individuals covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information"); and

    d. Tax return information, as defined by Title 26, United States, Code, Section 6103(b)(1) and (2), pertaining to third parties.

3. The Rule 16 evidence to be produced by the government will include:

    a. sensitive internal financial and proprietary information from Vista Equity Funds, a large San Francisco based private equity fund in which Defendant was a major

UNITED STATES' MOTION FOR PROTECTIVE ORDER
AND AN ORDER AUTHORIZING DISCLOSURE OF
TAXPAYER RETURN INFORMATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 3:20-cr-00371-WHA

2

                investor, and from which it is alleged a majority of his unreported income was derived;

    b.    domestic and foreign bank records from accounts held in the names of third parties;

    c.    witnesses' sensitive personal financial information;

    d.    witnesses' sensitive email correspondence;

    e.    witnesses' sensitive personal information; and

    f.    witnesses' federal income tax returns and federal income tax returns of related entities.

4. 26 U.S.C. § 6103(a) generally prohibits, with certain exceptions, the disclosure of tax "return or return information."

5. Sections 6103(b)(1) and 6103(b)(2) define "return" and "return information" broadly to include, inter alia, all tax and information returns filed pursuant to Title 26 and any information regarding a taxpayer's identity, the nature and source of a taxpayer's income and expenses, tax liability, tax deficiency, tax payments, and "any other data, received by, recorded by, prepared by, furnished to, or collected by" the Secretary of the Treasury.

6. Section 6103(b)(3) defines "taxpayer return information" as "return information" that is filed with or furnished to the Secretary of the Treasury by or on behalf of the taxpayer to whom the return information relates.

7. Tax returns and return information may be disclosed in a federal proceeding pertaining to tax administration "to the extent required by an order of a court pursuant to Section 3500 of Title 18, United States Code, or Rule 16 of the Federal Rules of Criminal Procedure, such court being authorized in the issuance of such an order to give due consideration to congressional policy favoring the confidentiality of returns and return information. . . ." 26 U.S.C. § 6103(h)(4)(D).

8. This criminal case is a federal judicial proceeding pertaining to tax administration within the meaning of Section 6103(h)(4). *See* 26 U.S.C. § 6103(b)(4) (defining "tax administration").

UNITED STATES' MOTION FOR PROTECTIVE ORDER
AND AN ORDER AUTHORIZING DISCLOSURE OF
TAXPAYER RETURN INFORMATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 3:20-cr-00371-WHA

3

9. According to the Indictment, the Defendant conspired with others to commit tax evasion, and committed tax evasion, using a complex foreign structure of trusts and limited liability companies, to conceal taxable income he earned from investments with Vista.

10. The Indictment also alleges that the Defendant used a surrogate to purchase debt instruments of Reynolds & Reynolds on the secondary debt market, through a broker, from other private equity and institutional investors in the Northern Judicial District of California.

11. The evidence in this case will include a large volume of internal financial records, correspondence, and bank records obtained from Vista, and other institutional investors, through the issuance of grand jury subpoenas. Some of this evidence contains information regarding internal operations, banking, and investment practices. This information is proprietary and very sensitive. The Vista evidence also includes financial and banking information of other Vista investors and employees. The government, and its expected witnesses, have a compelling need for this information not to be disseminated beyond the parties to this case.

12. The evidence will also include sensitive financial, banking, and federal income tax return information of other witnesses relevant to this case. These witnesses also have a compelling need for their sensitive personal information not to be disseminated beyond the parties to this case.

13. The government seeks to disclose this sensitive evidence to Defendant, including "returns" and "return information," to satisfy the government's obligations under 18 U.S.C. § 3500, Rule 16 of the Federal Rules of Criminal Procedure, and *Brady v. Maryland* and its progeny, under a Protective Order that will make it a violation of that Order for Defendant, his counsel, or witnesses, to disseminate any discovery provided by the government in this case to any person or entity not directly associated with this case.

14. WHEREFORE, the United States hereby respectfully moves this Court for an Order:

   a. Authorizing the disclosure, pursuant to 26 U.S.C. § 6103(h)(4)(D), of relevant "returns" and "return information" of third parties gathered during the course of this investigation; and

   b. Prohibiting, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the unauthorized dissemination of any personal or financial information of third parties provided to

UNITED STATES' MOTION FOR PROTECTIVE ORDER
AND AN ORDER AUTHORIZING DISCLOSURE OF
TAXPAYER RETURN INFORMATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 3:20-cr-00371-WHA

4

Defendant and Defendant's counsel by the government in connection with this matter. A proposed Order is filed herewith.

Respectfully submitted this 9th day of November, 2020,

        DAVID L. ANDERSON
        United States Attorney

        *s/ Corey J. Smith*
        COREY J. SMITH
        Senior Litigation Counsel
        MICHAEL G. PITMAN
        Assistant United States Attorney

        Attorneys for United States of America

UNITED STATES' MOTION FOR PROTECTIVE ORDER
AND AN ORDER AUTHORIZING DISCLOSURE OF
TAXPAYER RETURN INFORMATION AND [PROPOSED]
PROTECTIVE ORDER
Case No. 3:20-cr-00371-WHA

5

DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5040
Facsimile:  (408) 535-5081
michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
LEE F. LANGSTON (NYBN 4910311)
CHRISTOPHER M. MAGNANI (Maryland)
Trial Attorneys
United States Department of Justice, Tax Division

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:20-cr-00371-WHA |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER |
| v. | |
| ROBERT T. BROCKMAN, | |
| Defendant. | |

The Court, having been satisfied that discovery in this case will include sensitive proprietary, financial, banking, and tax return information, including the following categories of evidence: (collectively, "Protected Information"):

1. Personal Identifying Information of individuals (other than his or her name), including the person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of individuals or businesses, including bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information");

3. Medical records or other patient information of individuals covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information"); and

4. Tax Return Information, as defined by Title 26, United States, Code, Section 6103(b)(1) and (2), pertaining to third parties.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that pursuant to Fed. R. Crim. P. 16(d)(1), Defendant, defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the Defendant all discovery material produced by the government, but shall not provide anyone other than the defense team with copies of, or permit anyone other than the defense team to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that Defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to Defendant and does not contain Protected Information regarding any other person (*e.g.*, Defendant's own bank records, telephone records, and business records) may be provided to the Defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case. Defendant, all members of the defense team, and any experts who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that discovery material provided by the government that includes tax return information of third parties, as defined by 26 U.S.C. 6103(b)(1) and (2), is provided pursuant 26 U.S.C. 6103(h)(4) and: 1) pertains to Defendant; 2) is related to items contained within Defendant's income tax returns; 3) is relevant to a transaction involving Defendant and a third party taxpayer; or 4) is otherwise required to be disclosed under 18 U.S.C. § 3500.  Defendant and his counsel shall maintain the confidentiality of all tax return information provided by the government in discovery in accordance with 26 U.S.C. 6103(a) and this Order, other than material that clearly pertains to Defendant and does not contain tax return information regarding any other person.

**IT IS FURTHER ORDERED** that neither Defendant nor any member of the defense team shall provide copies of any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. No provision of this Order shall prevent defense counsel from discussing, and showing, discovery provided by the government with potential trial witnesses, as necessary to prepare for trial.  If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must be under seal.[1]

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against Defendant; Defendant's acquittal; Defendant's sentencing; or the conclusion of any direct appeal.  After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If Defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order.

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.

Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.  This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

IT IS SO ORDERED.

Dated: _____

WILLIAM ALSUP
United States District Judge