Jason Varnado (State Bar No. 211067)
jvarnado@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone +1-832-239-3939
Facsimile +1-832-239-3600

Neal J. Stephens (State Bar No. 152071)
nstephens@jonesday.com
Vincent Doctor (State Bar No. 319408)
vdoctor@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   +1.650.739.3939
Facsimile:    +1.650.739.3900

Kathryn Keneally (appearance *pro hac vice*)
New York State Bar No. 1866250
kkeneally@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-047
Telephone:  +1-212-326-3939
Facsimile:    +1-212-755-7306

Attorney for Defendant
ROBERT BROCKMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT BROCKMAN,<br><br>　　　　　　　Defendant. | Case No.: 3.20-cr-00371-WHA<br><br>ROBERT BROCKMAN'S REPLY IN SUPPORT OF MOTION FOR CHANGE OF VENUE ON COUNTS TWO THROUGH EIGHT<br><br>Date:  December 1, 2020<br>Time:  12:00 p.m.<br>Judge:  Hon. William Alsup |

**REPLY IN SUPPORT OF MOTION FOR CHANGE OF VENUE**

The Motion for Change of Venue for Counts Two through Eight should be granted on the face of the Indictment pursuant to 18 U.S.C. § 3237(b). Counts Two through Eight allege tax evasion for each of the years 2012 through 2018. *See* Ind. ¶¶ 136–48 (ECF No. 1). Counts Two through Eight do not set out a basis for venue in this District, and the government's Opposition fails to assert otherwise.

Rather than pointing to specific allegations in Counts Two through Eight that establish a basis for venue, the government's Opposition makes sweeping references to the supposed "gravamen" of the claims contained in Count One in "paragraphs 1 through 134." Gov't Resp. in Opp'n at 3 (ECF No. 24). The government contends that its vague allegations in Count One to "an elaborate scheme, implemented and controlled by Defendant, to invest capital with Vista Equity Funds, headquartered here in the Northern District of California, to conceal these investments . . . and distribute gains" is a substitute for a clear statement of venue for Counts Two through Eight. *Id.* It is not. Moreover, the assertion that the "government expects that evidence" will prove venue, *id.* at 4, is insufficient to satisfy the constitutional and statutory requirement that the indictment allege on its face a proper basis for establishing venue. *See* U.S. Const. Art. III, § 2, cl. 3; U.S. Const. Amend. VI; *see also* Fed. R. Crim. P. 18.

The only specific allegation in the Indictment as to venue requires transfer to the United States District Court for the Southern District of Texas, where Mr. Brockman has "resid[ed] in Houston" at all relevant times. Ind. ¶ 1. Indeed, transferring Counts Two through Eight of the Indictment also satisfies the purpose of § 3237(b), and complies with the Department of Justice's own policy favoring prosecutions in the taxpayer's home district. *See, e.g.*, *United States v. U.S. Dist. Court for S. Dist. of California*, 693 F.2d 68, 69 (9th Cir. 1982); *see also* U.S. Dep't of Justice, Criminal Tax Manual § 6.01[2] (2012) (explaining general policy to "attempt to establish venue for a criminal tax prosecution in the judicial district of the taxpayer's residence").

Mr. Brockman also requests, as alternative relief, a bill of particulars as to the allegation of venue for Counts Two through Eight. Boilerplate allegations, coupled with the government's indiscriminate references to "paragraphs 1 through 134 of the Indictment" and vague generalities,

do not give adequate notice of the venue element of the offense.  Mr. Brockman's request for a bill of particulars is not an effort to get discovery of the government's evidence, but is rather a narrowly tailored request for allegations sufficient to meet the constitutional and statutory requirements for venue for Counts Two through Eight of the Indictment.

Dated: November 13, 2020

Respectfully submitted,

JONES DAY

/s/ *Neal J. Stephens*
NEAL J. STEPHENS

Counsel for ROBERT BROCKMAN