Jason Varnado (State Bar No. 211067)
jvarnado@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone +1-832-239-3939
Facsimile +1-832-239-3600

Neal J. Stephens (State Bar No. 152071)
nstephens@jonesday.com
Vincent Doctor (State Bar No. 319408)
vdoctor@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:   +1.650.739.3939
Facsimile:   +1.650.739.3900

Kathryn Keneally (appearance *pro hac vice*)
New York State Bar No. 1866250
kkeneally@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-047
Telephone:   +1-212-326-3939
Facsimile:   +1-212-755-7306

Attorneys for Defendant
ROBERT T. BROCKMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT T. BROCKMAN,<br><br>Defendant. | Case No. 3:20-cr-00371-WHA<br><br>ROBERT T. BROCKMAN'S MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO UNITED STATES' PROTECTIVE ORDER<br><br><br>Date:    12/1/2020<br>Time:    12:00 PM<br>Judge:   Hon. William Alsup |

## I.  INTRODUCTION

The Indictment in this matter was returned under seal on October 1, 2020.  It was first disclosed to defense counsel in a telephone call at 4:00 pm on Saturday, October 10, 2020, and a copy provided on October 13, 2020.  It was announced for the television cameras at the U.S. Attorney's press conference on Thursday, October 15, 2020.

The government has yet to commence production of the 1.1. terabytes (the equivalent of

Robert T. Brockman's Motion for Protective Order
and Opposition to United States' Protective Order
3:20-cr-00371-WHA

22 million pages) of discovery that it estimates will be produced to the defense. Stephens Decl. ¶3-4.[1] Instead, the government delays the progress of this case by litigating an unnecessary proposed protective order that is overbroad, contrary to law, and would seriously hamper the preparation of the defense.

Protective orders regulating discovery are appropriate only if, and to the extent that, "good cause" is shown. Fed. R. Crim. P. 16(d)(1).[2] The only "good cause" in this case is to protect several narrow, legitimate interests. The Court should adopt the Defendant's proposed protective order to accomplish these ends, and reject the government's sweeping protective order, with leave for the government to apply for further restrictions if specific issues warrant.

## II.  ARGUMENT

### A. The legal standard

"Good cause" for a protective order in discovery in a criminal case under Rule 16(d)(1) "is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *United States v Wecht*, 484 F.3d 194, 211 (3d Cir. 2007), *quoting Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) (affirming denial of prosecution's protective order to cover personnel records of a case agent in a criminal case; "the District Court acted well within its authority" in concluding "there was not 'good cause'"); *relied upon by United States v. Arredondo*, No. CR-12-1055-PHX-FJM, 2012 WL 1946955, at *1 (D. Ariz. May 30, 2012).

---

[1] "Stephens Decl." refers to the Declaration of Neal J. Stephens affirmed November 16, 2020 and submitted in support of this Motion.

[2] Federal Rule of Criminal Procedure 16(d)(1) provides: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal."

- 2 -

Robert T. Brockman's Motion for Protective Order
and Opposition to DOJ's Proposed Protective Order
3:20-cr-00371-WHA

Good cause requires a showing that the absence of a protective order "will work a clearly defined and serious injury." *United States v. Arredondo*, 2012 WL 1946955, at *1. When the government is the party asserting good cause, it "'bears the burden, *for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted.*'" *Id.*, quoting *Foltz v. State Farm Mut. Auto. Ins. Co.* 331 F.3d 1122, 1130 (9th Cir. 2003) (emphasis in *Arredondo*).[3]

Separately from Rule 16 discretionary protective orders for "good cause", Rule 49.1 provides "Privacy Protection For Filings Made with the Court." Fed. R. Crim. P. 49.1. "Unless the court orders otherwise, in an electronic or paper filing with the court" certain sensitive personal information is to be disguised by various means. *Id.* Rule 49.1(a).[4]

**B. "Good cause" supports only Mr. Brockman's proposed protective order**

With these principles in mind, the defense has proposed, and the government has rejected, that any protective order preserve only specific legitimate interests that have been identified to justify a protective order in this case. Stephens Decl. ¶5.

First, the defense can accept that portion of the government's proposed order that provides: "The materials provided pursuant to this protective order *may only be used for the specific purpose of preparing or presenting a defense in this matter,* unless specifically authorized by the Court." Gov't Order at 2:26-27 (emphasis added). The government's proposed additional, specific restrictions on the defense's use of discovery materials are unnecessary, and interfere with the ability of Mr. Brockman and his counsel to prepare a defense.

---

[3] Like the Third Circuit in *Wecht* and as illustrated in the District of Arizona by *Arredondo*, criminal cases in the Ninth Circuit refer to cases interpreting Federal Rule of Civil Procedure 26(c) to analyze the "good cause" requirement in criminal Rule 16(d)(1). *See also, United States v. Patkar*, 2008 WL 233062, *4 (D. Haw. January 28, 2008).

[4] "an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address of an individual, a party or nonparty." Rule 49.1(a).

- 3 -

Robert T. Brockman's Motion for Protective Order
and Opposition to DOJ's Proposed Protective Order
3:20-cr-00371-WHA

Second, Mr. Brockman in particular has no objection to an order that limits the use of "tax return information of third parties" to the "specific purpose of preparing a defense in this matter," which should be sufficient to meet the government's belief that this is necessary to permit it to meet its Rule 16, *Brady* and Jenks Act disclosure obligations. Gov't Order at 3:1-5. Mr. Brockman does not oppose the government's motion, pursuant to 26 U.S.C. §6103(h)(4), to obtain authorization from the Court to disclose taxpayer return information to Mr. Brockman as part of the government's disclosure obligations.

Third, this Court should order that the parties apply the privacy measures of Rule 49.1(a) to "electronic or paper *filing with the court*." But there is no need, and instead only an unfair burden on the defense, to impose those restrictions on every use that counsel makes of such documents in preparation of the case.

Fourth and Fifth, this Court should order that if a party makes a filing with the Court that includes a tax "return" or "return information", as defined by 26 U.S.C. § 6103(b)(1) & (2), or medical records or other patient information protected by the Health Insurance Portability and Accountability Act of 1996 (HIPPA), such information must be redacted or filed under seal.

Finally, as goes without saying, both parties should negotiate between themselves, and be allowed further application to this Court, if specific circumstances demonstrate "good cause" for a further protective order. That will be sufficient to protect purported commercial-proprietary information that the government may have collected from others, and other materials deserving further protection, *when and if* the government identifies specific documents in its production and proposes appropriate restrictions.

**C. There is no "good cause" shown for DOJ's proposed protective order**

The government's motion makes no specific showing of good cause—the government has not identified any clearly defined and serious injury that is at risk in this case. Instead the

- 4 -

Robert T. Brockman's Motion for Protective Order
and Opposition to DOJ's Proposed Protective Order
3:20-cr-00371-WHA

government makes only broad assertions that the discovery will include "internal financial records, correspondence and bank records" from various third parties, and "*some* of this evidence contains information regarding internal operations, banking and investment practices." Motion at 4:7-10. (emphasis added). The government further states, without any specification, that "this information is proprietary and very sensitive." As noted by the court in *Arredondo*, this type of general claim of potential harm lacks the specificity required to establish good cause under Rule 16(d)(1). 2012 WL 1946955, at *1-2 (finding as insufficient a claim to protect "[c]onfidential and sensitive information related to other investigations (both closed and ongoing)").

On this flimsy basis the government proposes particular restrictions on the defense's use of four sweeping categories of information: "Personal Identifying Information", "Financial Information", "Medical records" and "Tax return information", as described in Govt. Order at 1:25 through 2:7. To the extent these categories are deserving of protection on their face, and without further specification, they are adequately addressed in Rule 49.1(a) and Mr. Brockman's proposed order. The government's proposed order would impose unnecessary further limitations that hamper Mr. Brockman's defense.

Proper investigation and preparation of the defense case will require that counsel share discovery materials not only with the Mr. Brockman, but also with potential experts and trial witnesses, parties and their counsel who share a common interest privilege with Mr. Brockman, and other persons who may have information helpful to the defense. As the Supreme Court has recognized in an analogous context, "the general policy against invading the privacy of an attorney's course of preparation is so well recognized and so essential to an orderly working of our system of legal procedure that a burden rests on the one who would invade that privacy to establish adequate reasons to justify production through a subpoena or court order." *Hickman v. Taylor*, 329 U.S. 495, 512 (1947) (discussing the workproduct protection). The government's

- 5 -

Robert T. Brockman's Motion for Protective Order
and Opposition to DOJ's Proposed Protective Order
3:20-cr-00371-WHA

proposed protective order interferes in numerous respects with not only that privacy, but with the "course of preparation" itself, by several inconsistent and self-contradictory provisions:

- The defense could not provide copies "to anyone other than the defense team" of *any* discovery unless the broad categories of "Personal Identifying Information, Financial Information, and/or Medical Information" have "first been **entirely redacted** from the discovery materials." Govt. Order at 2:9-15 (emphasis in Govt. Order). The legitimate privacy interest in such materials is adequately protected by the defense's proposed order for court filings. The redactions proposed by the government unduly burden the defense, and may in fact defeat the very purpose of showing the discovery to a party who may have information helpful to the defense.

- To the extent that discovery material covered by a protective order is shown to third parties, it is sufficient that they be advised of the protective order and instructed that they are bound by it. The government's added requirement that such persons "shall initial and date the order reflecting their agreement to be bound", Govt. Order at 2:22-25, is burdensome and unnecessary.

- 26 U.S.C. 6103(a) on its face does not apply to Mr. Brockman, and there is no need to import these confidentiality restrictions applicable to the government into a protective order. Govt Order at 3:1-8. The agreed limitation that discovery documents "may only be used for the specific purpose of preparing or presenting a defense in this matter" is sufficient protection for these materials.

- The limitation that the defense shall not "provide copies of any discovery material . . . to any third party . . . without the government's express written permission or further order of this Court", with a narrow exception only for "potential trial witnesses", is a bald attempt to snoop upon and interfere with defense preparation. Govt Order at 3:9-17.

- The government's convoluted deadlines for *return* of discovery material are premature in principle, and as worded would apply before Mr. Brockman's

- 6 -

Robert T. Brockman's Motion for Protective Order
and Opposition to DOJ's Proposed Protective Order
3:20-cr-00371-WHA

appellate rights are fully exhausted.  Govt Order at 3:18-23.

### III. CONCLUSION

This is a tax case.  There is no threat of violence, no risk to trade secrets or financial data, no suggestion of computer hacking that may imply an elevated risk to individuals' personal data that requires greater protections than Rule 49.1.  The government should get on with production of the 1.1 terabytes of discovery that are admittedly owing to the defense.

For the reasons stated above, Mr. Brockman respectfully requests that the Court enter Mr. Brockman's proposed protective order and deny the government's motion to enter the government proposed protective order.

Dated: November 16, 2020

Respectfully submitted,

Jones Day

By: */s/ Kathryn Keneally*
    Kathryn Keneally

Counsel for Defendant
ROBERT BROCKMAN

NAI-1515017601v1

- 7 -

Robert T. Brockman's Motion for Protective Order
and Opposition to DOJ's Proposed Protective Order
3:20-cr-00371-WHA