DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MICHAEL G. PITMAN (DCBN 484164)
Assistant United States Attorney
150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5040
Facsimile:  (408) 535-5081
michael.pitman@usdoj.gov

COREY J. SMITH (MABN 553615)
Senior Litigation Counsel
LEE F. LANGSTON (NYBN 4910311)
CHRISTOPHER M. MAGNANI (Maryland)
Trial Attorneys
United States Department of Justice, Tax Division

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:20-cr-00371-WHA |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER |
| v. | |
| ROBERT T. BROCKMAN, | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

On October 1, 2020, a federal grand jury in the Northern District of California returned an Indictment charging the Defendant with: conspiracy to defraud the United States, in violation of 18 U.S.C. § 371; tax evasion, in violation of 26 U.S.C. § 7201; FBAR reporting violations, in violation of 31 U.S.C. §§ 5314 and 5322; wire fraud, in violation of 18 U.S.C. § 1343; money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(ii), (a)(1)(B)(i), and (a)(2)(B)(i); evidence tampering, in violation of 18 U.S.C. § 1512(b)(2)(B); and destruction of evidence, in violation of 18 U.S.C.

1512(c)(1). Having received a discovery request under Fed. R. Crim. P. 16, the United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel. The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

1. Personal Identifying Information of individuals (other than his or her name), including the person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, family members names, or criminal histories ("Personal Identifying Information");

2. Financial information of individuals or businesses, including bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information");

3. Medical records or other patient information of individuals covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information"); and

4. Tax Return Information, as defined by Title 26, United States, Code, Section 6103(b)(1) and (2), pertaining to third parties.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that pursuant to Fed. R. Crim. P. 16(d)(1), the defendant, defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the government, but shall not provide anyone other than the defense team with copies of, or permit anyone other than the defense team to make copies of, or have unsupervised access to, any discovery material produced by the government that contains Protected Information, unless the Personal Identifying Information, Financial Information, and/or Medical Information has first been **entirely redacted** from the discovery materials. The government and defense counsel are ordered to work together to ensure that these materials are protected, but that the defendant has as much access to the materials as can be provided consistent with this Court's order. Discovery material that clearly pertains to the defendant and does not contain Protected Information regarding any other person (*e.g.*, defendant's own bank records, telephone records, and business records) may be provided to the defendant unredacted.

Defense counsel may also provide unredacted copies of Protected Information to any experts or consultants retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense team, and any experts or consultants who receive discovery under this Order shall be provided a copy of this Order along with those materials and shall initial and date the order reflecting their agreement to be bound by it.

The materials provided pursuant to this protective order may only be used for the specific purpose of preparing or presenting a defense in this matter, unless specifically authorized by the Court.

This Order shall also apply to any copies made of any materials covered by this Order.

**IT IS FURTHER ORDERED** that discovery material provided by the government that includes Tax Return Information of third parties, as defined by 26 U.S.C. 6103(b)(1) and (2), is provided pursuant 26 U.S.C. 6103(h)(4) and: 1) pertains to the defendant; 2) is related to items contained within the defendant's income tax returns; 3) is relevant to a transaction involving the defendant and a third party taxpayer; or 4) is otherwise required to be disclosed under 18 U.S.C. § 3500.  The defendant, all members of the defense team, and any experts or consultants who receive discovery under this Order shall maintain the confidentiality of all Tax Return Information provided by the government in discovery in accordance with 26 U.S.C. 6103(a) and this Order, other than material that clearly pertains to the defendant and does not contain Tax Return Information regarding any other person.

**IT IS FURTHER ORDERED** that neither the defendant nor any member of the defense team shall provide copies of any discovery material produced by the government—whether or not the material constitutes or contains Protected Information within the meaning of this Order—to any third party (*i.e.*, any person who is not a member of the defense team) or make any public disclosure of the same, other than in a court filing, without the government's express written permission or further order of this Court. No provision of this Order shall prevent defense counsel from discussing, and showing, discovery provided by the government with potential trial witnesses and their counsel, as necessary to prepare for trial.  If a party files a pleading that references or contains or attaches Protected Information subject to this Order, that filing must comply with Fed. R. Crim. P. 49.1.  If a party files a pleading that references or contains or attaches Medical Information or Tax Return Information regarding any person other than

defendant, that pleading, reference, or attachment must be made under seal.[1]

**IT IS FURTHER ORDERED** that defense counsel shall return materials subject to this Protective Order (including any copies) to the United States within 14 days after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal.  After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order within 14 days after the district court's ruling on the motion or 14 days after the conclusion of any direct appeal of the district court's order denying the motion, whichever is later.  This stipulation is without prejudice to either party applying to the Court to modify the terms of any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either party even after the conclusion of district court proceedings in this case.

The undersigned Attorney for the United States certifies that he has obtained approval from counsel for the defendant to file this stipulation and proposed order.

IT IS SO STIPULATED.

DAVID L. ANDERSON
United States Attorney

s/ Michael G. Pitman
COREY J. SMITH
Senior Litigation Counsel
MICHAEL G. PITMAN
Assistant United States Attorney

Attorneys for United States of America

---

[1] This Order authorizes such filings under seal and the parties are not required to seek additional authorization from the Court to do so.


1
2                                                    s/ Neal J. Stephens
3                                                    NEAL J. STEPHENS
                                                       Counsel for Defendant ROBERT T. BROCKMAN

5   IT IS SO ORDERED.

7   Dated:                                                      _____
8                                                    WILLIAM ALSUP
                                                 United States District Judge