Jason Varnado (State Bar No. 211067)
jvarnado@jonesday.com
JONES DAY
717 Texas, Suite 3300
Houston, TX  77002
Telephone +1-832-239-3939
Facsimile +1-832-239-3600

Neal J. Stephens (State Bar No. 152071)
nstephens@jonesday.com
Vincent Doctor (State Bar No. 319408)
vdoctor@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:    +1.650.739.3939
Facsimile:    +1.650.739.3900

Kathryn Keneally (appearance *pro hac vice*)
New York State Bar No. 1866250
kkeneally@jonesday.com
JONES DAY
250 Vesey Street
New York, NY 10281-047
Telephone:  +1-212-326-3939
Facsimile:   +1-212-755-7306

Attorneys for Defendant
ROBERT T. BROCKMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT T. BROCKMAN,<br><br>Defendant. | Case No. 3.20-cr-00371-WHA<br><br>DECLARATION OF JAMES L. POOL, M.D., IN SUPPORT OF ROBERT T. BROCKMAN'S MOTION TO TRANSFER PROCEEDINGS |

## DECLARATION OF JAMES L. POOL, M.D.

I, James L. Pool, M.D., declare as follows:

1.    I am a Professor in the Departments of Medicine and Pharmacology and a treating internal medicine physician at the Baylor College of Medicine, in Houston, Texas, where I hold the James L. Pool Presidential Endowed Chair in Clinical Pharmacology.

2.    I make this Declaration at the request of his counsel in support of Mr. Brockman's Motion to Transfer Proceedings to the United States District Court for the Southern District of Texas.

3.      Mr. Brockman was referred to me by Dr. Seth P. Lerner (Baylor College of Medicine, Department of Urology), who had previously treated Mr. Brockman for bladder cancer. I conducted a complete physical examination of Mr. Brockman on December 11, 2018.  It became evident from my examination that Mr. Brockman was experiencing movement disorders and cognitive problems that are consistent with Parkinson's disease or parkinsonism.

4.      I referred Mr. Brockman to three other medical professionals: Joseph Jankovic, M.D., a neurologist and specialist in Parkinson's disease and other movement disorders; Melissa Yu, M.D., a neurologist and specialist in Alzheimer's Disease and other memory disorders; and Michele K. York, Ph.D., a neuropsychologist, all with Baylor College of Medicine.

5.      Each of these doctors provided me with reports following their examinations. Their conclusions support that Mr. Brockman presented symptoms that are consistent with Parkinson's Disease, parkinsonism, Lewy body dementia, or some combination.  These diagnoses cannot be totally confirmed except at autopsy.  None of these conditions are curable, and each may result in rigid muscles, slow movements, and tremors.  All are characterized by progressive dementia, and in Mr. Brockman's case, the medical reports confirm cognitive impairment, which includes, but is not limited to, both short and long term memory loss.

6.      I examined Mr. Brockman again on October 6, 2020.  At that time, I conducted cognitive tests, and again referred Mr. Brockman to Dr. York for a further battery of tests.  The results of these examinations confirm that Mr. Brockman's impairment is progressive.

7.      At this stage, Mr. Brockman may be oriented in time and place, aware of persons in his company, able to engage in social conversation, and capable of functioning in familiar tasks.  However, Mr. Brockman's progressive dementia impairs his cognitive ability in several respects.  These include short term memory limitations.  In addition, his condition  renders long-term memory inaccessible and defective.  For these reasons, I concur with the medical position that Mr. Brockman cannot assist his attorneys in his defense.

8.      I understand that Mr. Brockman's counsel will make a motion for a hearing to determine that Mr. Brockman cannot assist in his defense, and that this motion will be supported by the medical reports and letters previously provided to them by me, Dr. Jankovic, Dr. Yu, and

1    Dr. York.  I also understand that counsel will want to present testimony from each of us to

2    explain how we reached our conclusions.  We are all based in Houston.  Under ordinary

3    circumstances, it would be difficult for us to be present for a hearing in San Francisco, where this

4    court is located.  Under the current circumstances of the COVID-19 pandemic, we would be

5    confronted with the increased risk of exposure at a time when the Centers for Disease Control and

6    Prevention and other medical advisors are counseling against travel, the potential need to

7    quarantine before and after travel, and the detrimental impact any absence or illness may have on

8    our other patients.

9    　　　　　9.　　　It is also not medically advisable for Mr. Brockman to travel to San Francisco for a

10   hearing or for trial.  Mr. Brockman is 79 years old and suffers from underlying medical

11   conditions that put him at increased risk for severe illness if he were to contract COVID-19.

12   　　　　　10.　　Additionally, requiring Mr. Brockman to face legal proceedings in a location

13   distant from his home will be disorienting in a manner that could accelerate the deterioration of

14   his mental condition.  Unfamiliar environments, stimulating surroundings, and changes in routine

15   would be especially stressful for a person with Mr. Brockman's diminished capacity, creating a

16   risk to his existing cardiac condition, and could exacerbate the overall progression of his

17   symptoms.

18   　　　　　11.　　Based on the foregoing, I respectfully submit this Declaration in support of Mr.

19   Brockman's Motion to Transfer Proceedings to the United States District Court for the Southern

20   District of Texas.

21   　　　　　12.　　I declare under penalty of perjury that the foregoing is true and correct.

22

23   Executed in Houston, Texas on November 25, 2020.

24

25

26   _James L. Pool, MD_____

27   James L. Pool, M.D.

28